GUERRA, PLAINTIFF AND APPELLEE, *v.* FINLAY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action to Recover Professional Fees.

No. 2174.—Decided February 5, 1920.

APPEAL—NOTICE—DEATH OF APPELLANT—ATTORNEY AND CLIENT.—The adverse party or his attorney should be given notice of a motion to dismiss an appeal. Where the appellant has died, notice given to his quondam attorney is not sufficient. The death of the client terminates the authority which he had conferred upon his attorney.

The facts are stated in the opinion.

*Mr. Juan B. Soto* for the appellant.

*Messrs. Guerra Mondragón* and *Soldevila* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Miguel Guerra brought suit against Josefina Finlay in the District Court of San Juan for the recovery of professional fees and judgment was entered in his favor. The defendant appealed and no transcript of the record having been filed in this court within the period prescribed by law, Guerra, as plaintiff-appellee, moved for dismissal of the appeal and served notice of his motion on Juan B. Soto, the attorney for Josefina Finlay. Juan B. Soto thereupon filed an affidavit in this court averring that Josefina Finlay died after the appeal had been taken, for which reason he had ceased to represent her and was therefore without authority to accept

service of the said notice. In these circumstances a hearing was had on the motion to dismiss and only the attorney for the appellee was present.

Section 1634 of the Civil Code reads as follows:

"Agency is terminated: 1. By revocation. 2. By withdrawal of agent. 3. By death, interdiction, bankruptcy, or insolvency of the principal or of the agent."

"The death of the client or, in the case of a corporation or partnership, its dissolution, vacates the power of the attorney, and the latter is neither required nor authorized to do anything further. Thus, after the client's death, he cannot admit a previous mistake, remit part of a verdict, or revive a pending suit for the heirs or personal representatives without authority from them." 6 C. J. 675, and cases cited.

According to law and jurisprudence, Attorney Juan B. Soto is right; therefore, as no notice of the motion to dismiss has been served on the adverse party, that party has been given no opportunity to defend and, consequently, the motion for dismissal of the appeal can not be sustained.

As to the procedure which should be followed in cases of this kind, see the opinion of this court in the case of *Olivera et al.* v. *Andino et al.,* 21 P. R. R. 502, and the orders made in said case on May 19, 1914; April 30, May 6 and May 20, 1915; January 10 and March 23, 1916, and 3 C. J. 1020 *et seq.*

*Motion overruled.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.